UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA LOGAN, | |
| Plaintiff, | |
| -against- | |
| AHRC NEW YORK CITY; CEO MARCO DANIANI; ROSA RON; TRACEY-ANN ADAMS, MSA, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/2025

25-CV-5719-GHW

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GREGORY H. WOODS, United States District Judge:

Plaintiff, who proceeds *pro se*, alleges that her employer discriminated against her on the basis of her sex, age, and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 to 12213, the Rehabilitation Act of 1973, 29 U.S.C.§§ 701–796, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131. The complaint can also be liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 90 to 297.

By order dated July 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, with 60 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Patricia Logan, who was born in 1960, worked at AHRC New York City for ten years. She was employed as a Direct Support Professional at AHRC New York City, working overnight shifts from 8:00 p.m. to 8:00 a.m. at the Mary Manning Welsch nursing home. On December 22, 2023, Coordinator Alysha Jimenez directed Plaintiff to report to the office on December 27, 2023. Plaintiff received a form charging her with leaving her shift on December 16, 2023, before relief staff arrived; Plaintiff objected to the report as "false." (ECF 1 at 9.) Plaintiff was told not to report back to work until speaking to Supervisor Rosa Ron.

Supervisor Ron thereafter informed Plaintiff that Ron's boss had recommended that Plaintiff's employment be terminated. Plaintiff's employment was terminated on December 29, 2023, based on Plaintiff allegedly having left work before her shift ended, which she contends was untrue and pretextual. Tracy-Ann Adams signed a termination letter that stated that Plaintiff had violated agency policy and had failed to meet performance standards. (*Id.* at 8.) Plaintiff attaches to the complaint a "Rebuttal Statement," in which she asserts, among other things, that two weeks

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

before termination of her employment, AHRC Chief Executive Officer (CEO) Marco Damiani was parked in a vehicle near her workplace in the early morning, observing her at the end of her shift. (*Id.* at 11.)

Plaintiff asserts that her termination was wrongful and retaliatory and was based on her sex, age, and disabilities. She further alleges that it was possibly linked to her prior sexual harassment complaint, made on an unspecified date, against an assistant at the "College Point Group Home." (*Id.* at 10.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on December 22, 2023, alleging that she suffered discrimination based on "Disability, Retaliation, Sex." (*Id.* at 17.) She received the EEOC's Notice of Right to Sue on May 5, 2025. (*Id.* at 6.)

Plaintiff sues her former employer, AHRC New York City, as well as three individuals (CEO Marco Damiani, Supervisor Rosa Ron, and Tracy-Ann Adams). Plaintiff seeks reinstatement to her position with back pay and compensation for emotional distress.

## DISCUSSION

### A.    Sex Discrimination

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. 42 U.S.C. § 2000e-3(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) her protected characteristic was a motivating factor in the employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's complaint does not include any factual allegations describing differential treatment at her work compared to male employees, comments of a sexual or gender-related nature by supervisors or coworkers, gender-based hostile work environment, or any other incidents specifically connecting the disciplinary actions or termination to her sex. In an exhibit to the complaint titled "Rebuttal Statement," Plaintiff states, "I truly believe this termination is a retaliation of a sexual harassment complaint against an assistant manager at the College Point Group home but I was told that the statute of limitation was up and I continued . . . working." (ECF 1 at 10.) Plaintiff thus can be understood as arguing that her wrongful termination was linked to her having previously made a sexual harassment complaint. Plaintiff's complaint, however, does not include any facts about the sexual harassment complaint, such as when the sexual harassment occurred or her sexual harassment

4

complaint was made, who was aware of it, or any other facts linking the termination of her employment in December 2023 to that sexual harassment complaint. It is also unclear, for example, if the group home that Plaintiff references is linked to Defendant AHRC.

Plaintiff's allegations of sex discrimination are general and conclusory. Plaintiff does not allege facts supporting her legal conclusions that her wrongful termination was based on sex or in retaliation for a past sexual harassment complaint. Plaintiff's Title VII claims are therefore dismissed for failure to state a claim on which relief can be granted, with 60 days' leave to replead.

**B.      Age Discrimination**

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the statute. *Id.* § 623(d). Workers who are at least forty years old are protected under the ADEA from discrimination because of their age. *See* 29 U.S.C. § 631(a).

Plaintiff expressly invokes the ADEA as a basis for her suit, and she lists her date of birth as 1960. (ECF 1 at 4, 17.) The complaint, however, does not contain any factual allegations that could give rise to an inference that Plaintiff's age was a motivating factor in any adverse employment action. She does not, for example, include any allegations concerning her replacement by someone younger, a pattern of terminating older workers, or any age-related comments by supervisors or co-workers. Because Plaintiff does not allege any facts supporting an inference of age discrimination, the Court dismisses Plaintiff's ADEA claim for failure to state a claim on which relief can be granted, with 60 days' leave to replead.

C.      **Disability Discrimination**

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual

on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees.'"

*Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis

in original)). To state a claim of employment discrimination under Title I of the ADA, a plaintiff

must allege that:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the
> meaning of the ADA or perceived to be so by [the] employer; (3) she was otherwise
> qualified to perform the essential functions of the job with or without reasonable
> accommodation; (4) she suffered an adverse employment action; and (5) the adverse
> action was imposed because of her disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

A person is disabled under the ADA if the person (1) has "a physical or mental impairment

that substantially limits one or more major life activities," (2) has a history or record of a disability,

or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). The causation

standard for employment discrimination claims under Title I of the ADA is a "but-for" standard; a

plaintiff must allege that but for her disability, the defendant would not have discriminated against

her. *See Natofsky*, 921 F.3d at 347–50.

The pleading standard for employment discrimination claims under the Rehabilitation Act is

largely the same. S*ee Davis*, 804 F.3d at 235; *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995).

The "but for" causation requirement is also the same for both types of actions, *Natofsky*, 921 F.3d at

345–49, and the Rehabilitation Act adopts by reference the ADA's definition of "disability," 29

U.S.C. § 705(20)(B). Rehabilitation Act claims have an additional requirement, however, that the

employer receive federal funding. *See Lyons*, 68 F.3d at 1514–15 (quoting 29 U.S.C. § 794(a)).[2]

---

[2] There are no allegations in the complaint about whether the employer receives federal funding.

Plaintiff's medical conditions ("bi-lateral knee replacement," "hemilaminectomy, decompression back surgery") are listed as the basis of her disability discrimination claims. (ECF 1 at 4.) The complaint does not include any factual allegations suggesting that the employer was aware of these alleged disabilities or that but for Plaintiff's disabilities she would not have suffered an adverse employment action. There are no factual allegations in the complaint linking the termination of Plaintiff's employment to her knee and back issues. The allegations of the complaint thus do not state a claim for disability discrimination in violation of the ADA or the Rehabilitation Act, and the Court dismisses these claims, with 60 days' leave to replead.

D.     **Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."[3] 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court at this stage declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[3] Title VII and the ADEA do not provide for liability against individuals. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (Title VII); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (ADEA).

## E.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to file an amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a)    the names and titles of all relevant people;

b)    a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)    a description of the injuries Plaintiff suffered; and

d)    the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## F.    SDNY Federal Pro Se Legal Assistance Project

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be

scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.

## CONCLUSION

Plaintiff's complaint fails to state a claim on which relief can be granted under Title VII, the ADEA, the ADA, and the Rehabilitation Act, and these claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, and label the document with docket number 25-CV-5719 (GHW). An Amended Complaint for Employment Discrimination form and a flyer for the SDNY Federal Pro Se Legal Assistance Project are attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may consent to accept service of documents in this case by email, instead of regular mail, by completing a Consent to Electronic Service form.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 25, 2025

_____
GREGORY I. WOODS
United States District Judge